Filed 5/21/24  P. v. Dunn CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082889 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD264080) |
| EMANUEL DUNN, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.

Emanuel Dunn, Jr., in pro. per.; and Doris M. LeRoy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2016, a jury convicted Emanuel Dunn, Jr. of second degree murder (Pen. Code,[1] § 187).  Based on his strike priors, Dunn was sentenced to an indeterminate term of 35 years to life in prison.  We grant Dunn's request to

---

[1]     All further statutory references are to the Penal Code.

take judicial notice of our records in his appeal from the original conviction (*People v. Dunn* (Oct. 16, 2017, D070810)).

In 2020, Dunn filed his first petition for resentencing under then section 1170.95 (now renumbered section 1172.6). The trial court appointed counsel and reviewed the record of conviction. The court found Dunn had not stated a prima facie case for resentencing as required by the statute. The court denied the petition without issuing an order to show cause.

Dunn appealed the denial of his first petition for resentencing. This court affirmed the order denying the petition in an unpublished opinion. (*People v. Dunn* (Sept. 10, 2021, D078793).)

Undeterred, Dunn filed his second petition for resentencing of his murder conviction in September 2022.

The trial court again appointed counsel and conducted a hearing on the petition. The court, again, found none of the theories of liability prohibited by statute were present in Dunn's conviction. The court also found the doctrine of collateral estoppel applied given the affirmance of the denial of the first resentencing petition arising from the same trial.

The court again found Dunn ineligible for relief under section 1172.6, without first issuing an order to show cause.

Dunn filed a timely notice of appeal from the second denial of his resentencing petitions.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal.

We informed Dunn he could file his own brief on appeal. He has responded with a one page list of possible issues we should consider. He has not submitted a brief which identifies and discusses any meritorious issues

2

for reversal on appeal. He asserts he could not now be convicted of murder under the existing valid theories of malice.

## DISCUSSION

We have not included a statement of facts from the underlying offense as presented at trial. Our first opinion included a summary of the facts of the offense and no further discussion of the facts is warranted at this point.

Appellate counsel has submitted a brief statement of possible issues in an effort to comply with *Anders v. California* (1967) 386 U.S. 738 (*Anders*).

1. Whether Dunn was convicted under any theory of murder in which malice was imputed to him based solely on his participation in the crime.

2. Whether Dunn's second petition under section 1172.6 was barred by collateral estoppel given the affirmance of the first order denying relief.

We have reviewed the record for error and have considered Dunn's statement of issues as well as counsel's list of *Anders* issues. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Dunn on this appeal.

DISPOSITION

The order denying Dunn's second petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.

4